

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,646-01

### EX PARTE MARKUS LADANE STEPHENSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. WRIT08574 IN THE 196TH DISTRICT COURT FROM HUNT COUNTY

*Per curiam*. ALCALA, J., concurs.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with capital murder, but pleaded guilty to the lesser offense of murder in exchange for a sentence of sixty years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things[1], that his trial counsel rendered ineffective assistance because trial counsel failed to adequately investigate, failed to file a motion to suppress Applicant's

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

custodial statement, failed to move for a recusal of the trial judge, advised Applicant that he had "no chance" at trial and that the plea in exchange for a sixty-year sentence was his best option, and failed to provide Applicant with copies of documents or transcripts upon request.

On March 9, 2016, this Court remanded to the trial court to obtain affidavits, findings of fact, and supplementation of the habeas record with the documents relevant to Applicant's guilty plea. On July 21, 2016, this Court received the supplemental record, which consisted of an affidavit from trial counsel and findings of fact and conclusions of law from the trial court. The supplemental record did not contain any of the documents requested in this Court's first remand order. Therefore, this Court must remand this matter for a second time to obtain the documents necessary to address Applicant's allegations.

The trial court shall supplement the habeas record with copies of the plea documents, including any written admonishments, waivers and stipulations, plea agreement, any evidence which was introduced in support of the plea, and a transcript of the plea proceedings. This application will be held in abeyance until the trial court has supplemented the record. A supplemental transcript containing the documents in question shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 2, 2016
Do not publish